SPENCER MILLER, Jr., STATE HIGHWAY COMMISSIONER, APPELLANT, v. HENRY BALFOUR ET AL., RESPONDENTS.

Argued October 2, 1946—Decided October 28, 1946.

Before Justices PARKER and DONGES

For the appellant, *Walter D. Van Riper,* Attorney-General, and *Sackett M. Dickinson,* Assistant Attorney-General.

For the respondents, *William H. D. Cox.*

The opinion of the court was delivered by

PARKER, J. The case arose out of an alleged collision between two automobiles resulting in damage to a State Highway sign. The Commissioner brought suit, joining both drivers and the respective owners. Nonsuits were denied. Both defendants then rested without adducing any evidence, and moved for "directed verdicts" on the same grounds as those urged on motion to nonsuit. The court then said: "I feel that under the presumptions allowed under the law I am in a different position now than I was at the resting of the state's case and I will grant the motions of the defendants for the direction of verdicts of no cause of action in favor of the defendants and against the plaintiff, the State of New Jersey." Plaintiff's counsel then took an exception.

We conclude that there was legal error in that ruling. It is true, of course, that there was no jury, and that the judge was therefore a trier of the facts. If, as such trier, he had found for the defendant, on the evidence before him, that probably would have ended the matter: but the "direction of a verdict" even though there was no jury, amounted to an adjudication that there was no evidence in the case to inculpate the operator of either automobile. There was such evidence, however; and consequently the plaintiff was entitled to have it considered. *Higgins* v. *Goerke Kirch Co.,* 92 *N. J. L.* 424, citing *Weston* v. *Benecke,* 82 *Id.* 445.

These considerations lead to a reversal and trial *de novo.*